IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

IN RE:                                                CHAPTER 13 CASE
                                                                      NO. 06-80210-WRS

**TORIANO J. AVERY, XXX-XX-2422,**

    Debtor(s).

**PURSUANT TO LBR 9007-1, THIS MOTION WILL BE TAKEN UNDER ADVISEMENT BY THE COURT AND MAY BE GRANTED UNLESS A PARTY IN INTEREST FILES A RESPONSE WITHIN 20 DAYS OF SERVICE. RESPONSES MUST BE FILED WITH THE CLERK AND SERVED UPON THE MOVING PARTY. RESPONSES MUST BE FILED ELECTRONICALLY WITH THE CLERK OR BY US MAIL ADDRESSED TO THE CLERK OF THE BANKRUPTCY COURT, ONE CHURCH STREET, MONTGOMERY, ALABAMA 36104.**

This pleading is being filed and noticed pursuant to M.D. AL L.B.R. 9007-1 procedures for: Motion to Modify Confirmed Chapter 13 Plan pursuant to 3015 (d) and (e)

## TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS

COMES NOW, the Trustee, by and through the undersigned counsel, and pursuant to 11 USC §1329 and LBR 3015-1(d) and (e) moves this Honorable Court to modify the debtor's confirmed Chapter 13 plan, and as grounds for said motion, states as follows:

> The Trustee has been advised that the debtor is the party to a lawsuit or some other cause of action. Some portion of the proceeds has been claimed as exempt on Schedule C by the debtor. It is the Trustee's contention that this cause of action constitutes both disposable income and is an asset of the debtor's Chapter 13 estate. The Trustee understands that the proceeds from this cause of action will be reduced by attorneys fees, costs of litigation and any other expenses of litigation that are approved by this Court pursuant to the debtor's motion to approve settlement and motion for approval of attorneys fees and costs of litigation. To the extent that these proceeds are not exempted by the debtor or approved by the Court for the payment of attorneys fees and costs of litigation, then these proceeds are due to be paid to the Trustee for the benefit of unsecured creditors. To the extent this plan is less than 100% for the benefit of unsecured creditors, the Trustee moves this Honorable Court to increase the percentage to unsecured creditors by the net amount of these proceeds.

WHEREFORE, the above premises considered, the Trustee moves this Honorable Court to modify the debtor's confirmed plan to provide that all net proceeds from the lawsuit or cause

of action settlement, less and except the debtor's allowed exemptions and attorney fees and litigation expenses, be paid to the Trustee for the benefit of the debtor's unsecured creditors. To the extent that this debtor's plan is less than 100%, the Trustee moves this Honorable Court to increase the dividend percentage to unsecured creditors by the amount of the net lawsuit or claim proceeds.

Respectfully submitted this 5th day of December, 2008.

                                           Curtis C. Reding, Jr.
                                           Standing Chapter 13 Trustee

                          By:   /s/ Sabrina L. McKinney
                                Sabrina L. McKinney
                                Staff Attorney (ASB-3162-I71S)

Office of the Chapter 13 Trustee
166 Commerce St/Ste 202
P. O. Box 173
Montgomery, AL 36101-0173
Phone: 334-262-8371
Fax: 334-834-7635
mckinneys@ch13mdal.com

CERTIFICATE OF SERVICE

I, Sabrina L. McKinney, certify that I have served a copy of the foregoing TRUSTEE'S MOTION TO MODIFY DEBTOR'S CONFIRMED CHAPTER 13 PLAN FOR LAWSUIT PROCEEDS on the parties listed below by either electronic mail or by placing same in the United States Mail, postage prepaid and properly addressed, this 5th day of December, 2008.

                                          /s/ Sabrina L. McKinney
                                          Sabrina L. McKinney

Toriano J. Avery
1038 County Rd 504
Valley, AL 36854

David S. Clark via electronic mail

Nick Wooten
PO Box 290
10 Second Ave S.E.
LaFayette, AL 36862